Bradbury, J.
The petition shows the recovery of a judgment by the relator against Hays and another upon which it was entitled to an execution; that it made a legal demand therefor; that one of the judgment debtors had, within the county, property subject to execution, and defendant’s refusal to issue the writ. To issue this process is a duty enjoined upon him by law, and unless the relator has an adequate remedy in the ordinary course of law it is entitled to a writ of mandamus to enforce the performance of this duty. It may be true that the clerk and his bondsmen are liable to respond to the relator in damages in an action at law for his wrongful refusal. If, however, this should be done and judgment recovered, the clerk or his successor might again defeat the object of the suit by refusing to issue a writ of execution, and this might be repeated indefinitely. If, however, this danger is more fanciful than real, yet we think the remedy by action not adequate to enforce the relator’s right. By the judgment of the court it had established, not only its right to a sum of money, but its right to the process of the court for its immediate collection; and the full and adequate protection of this right requires a more summary remedy than that afforded by a new action; the writ of mandamus gives that remedy, and the relator is entitled to its benefits, unless the answer discloses a defense.
The answer does not deny the recovery of the judgment, nor does it aver that the motion for a new trial was made before the term closed, but only goes to the extent of averring that the motion was made within three days from the rendition of the decision, and before it was entered on the journal by the clerk. The answer, therefore, falls short of showing that the motion wás filed before the term ended. This was necessary. Sec. 5307, Rev. Stats., furnishes the rule respecting the time when the motion for a new trial must be filed, and it provides that the application must be made at the term in *583 which the “ verdict, report or decision is rendered.” Sec. 5309, Rev. Stats., provides for certain exceptions to this rule, but the case at bar is not within the exception. That the judgment had net been entered on the journal when the motion was filed, does not affect the rule. It is the duty of clerks of courts to enter up the judgments and orders of the court, when furnished by counsel and approved by the judge, and if owing to their rapid accumulation, it can not be done before the term closes, he should proceed diligently with the work until it is done. And when entered on the journal, they relate back to the term, and are as much the acts of the court, as if the work of entering them up had been completed during the term.
T. O. Anderson, for relator.

James <& Eylar, contra.

The demurrer to the answer is sustained, and a peremptory writ of mandamus allowed.